FILED
CLERK
3/19/2019 4:42 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ERMINIA COSTANTINO and
KEITH STERLING,

                        Plaintiffs,

        -against-                                           ORDER
                                                            18-CV-4433 (JMA)(SIL)
THE VILLAGE OF QUOGUE, et al.,

                        Defendants.
----------------------------------------------------------X
```

**JOAN M. AZRACK, United States District Judge:**

This action was commenced by the *pro se* plaintiffs on August 6, 2018, by the filing of a summons and complaint and proposed Order to Show Cause. (ECF Nos. 1, 3.) The plaintiffs paid the $400.00 filing fee. On August 7, 2018, the Clerk of the Court issued a letter to each plaintiff notifying them of their responsibility to serve the summons and complaint upon the defendants, among other directives for prosecuting their case. (ECF Nos. 6, 7.) The letters were mailed to the *pro se* plaintiffs at the addresses listed on the docket sheet.

On February 26, 2019, the undersigned issued an order stating that service should have been made upon the defendants by November 5, 2018. (ECF No. 8.) The Order directed the *pro se* plaintiffs to either provide proof of service of the summons and complaint upon the defendants, or an affidavit from each plaintiff demonstrating good cause why such service has not been effected. Plaintiffs were warned that failure to comply with the Order would result in the case being dismissed for failure to prosecute. The Order was mailed to plaintiffs at the addresses listed on the docket sheet. To date, plaintiffs have not responded to the Order or otherwise communicated with the Court.

Rule 41(b) provides, in pertinent part, "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any

claim against the defendant." Fed. R. Civ. P. 41(b). The district court also has the inherent power to dismiss a case *sua sponte* for lack of prosecution or noncompliance. Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981). The Second Circuit considers five factors when reviewing a district court's order of dismissal for failure to prosecute, including: (1) the duration of plaintiff's failures; (2) whether plaintiff received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the court struck the appropriate balance between alleviating the court calendar with protecting the plaintiff's right to due process; and (5) whether the judge adequately assessed the efficacy of lesser sanctions. Shannon v. G.E. Co., 186 F.2d 186, 193 (2d Cir. 1999). Generally, no single factor is dispositive. Id.

Plaintiffs have not filed proof of service or communicated with the Court since the filing of their complaint on August 6, 2018. The Court warned plaintiffs that failure to respond to the Court's Order would result in the dismissal of the case. Plaintiffs' failure to comply with the Court's Order constitutes grounds for dismissal. Accordingly, plaintiffs' claims are dismissed, without prejudice, for failure to prosecute and noncompliance. The Clerk of Court is directed to close this case.

Although the *pro se* plaintiffs paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should they seek *in forma pauperis* status for the purpose of an appeal from this order, it would not be taken in good faith and therefore *in forma pauperis* status is denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Date: March 19, 2019             /s/ JMA
       Central Islip, New York        JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE